Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **SANDRA RIVERA SANCHEZ Y OTROS**<br><br>Parte peticionaria<br><br>v.<br><br>**AQUA DRILLING INC. Y OTROS**<br><br>Parte recurrida | KLCE202401038 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Caso Núm.:<br>**SJ2022CV08931 (Civil 403)**<br><br>Sobre:<br>**LIQUIDACION LEY DE CORPORACIONES** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparece ante nos, Sandra Rivera Sánchez, Tiare Sierra Rivera y Kai Rivera Sierra, en adelante, Sucesión Sierra o peticionarios, solicitando que revisemos varias resoluciones emitidas por el Tribunal de Primera Instancia, Sala Superior de Carolina, en adelante, TPI-Carolina. Mediante dictámenes recurridos, el Foro Primario dictaminó asuntos sobre descubrimiento de prueba e impuso una sanción a la representación legal de la Sucesión Sierra.

Por los fundamentos que expondremos a continuación, *denegamos expedir el recurso de autos.*

**I.**

Carlos Sierra del Llano, en adelante, Sierra del Llano, y Luis Sierra Pérez, en adelante, Sierra Pérez o recurridos, eran accionistas de la corporación *Aqua Drilling Inc.*, en adelante, Aqua Drilling o

Número Identificador
RES2024_____

recurrida.[1] Sin embargo, el 24 de marzo de 2019, Sierra del Llano falleció.[2] A este le sobreviven su esposa e hijos, los aquí peticionarios.

Así, el 12 de octubre de 2022, la Sucesión Sierra instó una *"Demanda e Interdicto Preliminar"* contra Sierra Pérez, para la entrega de libros y documentos corporativos.[3] El 6 de febrero de 2023, los recurridos contestaron a la misma.[4]

Posteriormente, el 9 de agosto de 2023, la Sucesión Sierra presentó una moción ante el TPI-Carolina notificando el primer pliego de interrogatorios y requerimiento de documentos y admisiones.[5] Unas semanas más tarde, el 25 de agosto de 2023, se celebró la Conferencia Inicial.[6] En la misma, el Foro Primario concedió a los recurridos un término de cuarenta y cinco (45) días para tramitar y entregar los documentos solicitados por la Sucesión Sierra. A estos últimos se les concedió hasta el 31 de enero de 2024 para contratar un perito, evaluar los documentos y rendir un informe pericial. Posterior a esto, la parte recurrida, tenía hasta el 30 de abril de 2024 para hacer lo mismo. Finalmente, dispuso que el descubrimiento de prueba finalizaría el 30 de junio de 2024.

Más adelante, el 13 de septiembre de 2023, la recurrida presentó una moción, en la que informó la producción de documentos solicitados por la Sucesión Sierra.[7] Sin embargo, el 30 de octubre de 2023, los peticionarios radicaron otra moción, en la que solicitaron que el Foro Primario ordenara a la recurrida a producir documentación adicional.[8] En respuesta, el 10 de noviembre de 2023, Sierra Pérez y Aqua Drilling informaron la

---

[1] Apéndice del recurso, págs. 2-3.
[2] *Id.* pág. 3.
[3] *Id.* pág. 1.
[4] *Id.* pág. 21.
[5] *Id.* pág. 33.
[6] *Id.* pág. 35.
[7] *Id.* pág. 37.
[8] *Id.* pág. 39.

producción de una documentación, y explicaron no estar en posesión de la otra que les fue solicitada.

Así las cosas, el 31 de enero de 2024, la Sucesión Sierra presentó una *"Moción Informando Perito y Sometiendo Curriculum Vitae"*.[9] En la misma indicó que en el mes de septiembre del año 2023 habían contratado una Contadora Público Autorizada que el 11 de enero de 2024, les indicó que no podría rendir un informe pericial. Por estos hechos, anunciaban como perito al Contador Público Autorizado Carlos Quintana. Además, señalaron que para el 31 de marzo de 2024 el informe estaría listo.

El 1 de febrero de 2024, los recurridos solicitaron al TPI-Carolina que eliminara la prueba pericial, y le prohibiera a los peticionarios a utilizar el testimonio de Carlos Quintana.[10] Al próximo día, el Foro Primario ordenó a la Sucesión Sierra a mostrar causa por la cual no debía conceder la solicitud de los recurridos.[11] En cumplimiento de orden, los peticionarios presentaron una moción en la que explicó que le faltaba documentación, y no fue hasta el mes de enero de 2024, que se vieron obligados a buscar un nuevo perito.[12] Además, solicitó una extensión de sesenta (60) días para entregar su informe pericial.

Posteriormente, el 9 de febrero de 2024, el TPI-Carolina emitió una *"Resolución"* en la que concluyó que los peticionarios demostraron justa causa por el incumplimiento con los términos dispuestos para la rendición de su informe pericial.[13] Por ello, le concedió hasta el 31 de marzo de 2024 para rendir el informe pericial. Dispuso, además, que una vez notificado el referido

---

[9] Apéndice del recurso, pág. 60.
[10] *Id.* pág. 71.
[11] *Id.* pág. 74.
[12] *Id.* pág. 75.
[13] *Id.* pág. 86.

informe, la parte recurrida tendría hasta el 30 de junio de 2024 para hacer lo mismo.

El 1 de abril de 2024, la Sucesión Sierra radicó una *"Moción en Cumplimiento de Orden"* en la que notificó al Foro Primario haberle solicitado a Sierra Pérez y Aqua Drilling que necesitaba documentos adicionales.[14] Dos (2) días más tarde, los peticionarios solicitaron un segundo pliego de interrogatorios, y requerimiento de documentos.[15] El 5 de abril de 2024, los recurridos presentaron ante el TPI-Carolina una *"Segunda Moción Solicitando Exclusión de Prueba Pericial"*.[16] Arguyeron en su escrito que ya habían descubierto la documentación que tenían en su posesión. En esencia, expusieron ante el Foro Recurrido que la Sucesión Sierra no fue diligente y se le vencieron dos (2) términos para cumplir con lo ordenado por el TPI-Carolina, por lo que procedía que se eliminara la prueba pericial de esta.

El 8 de abril de 2024, el Foro Primario concedió diez (10) días a los peticionarios para que mostrara causa por la que no debía prohibir la utilización de su perito.[17] El 12 de abril de 2024, la Sucesión Sierra presentó su escrito en cumplimiento de orden, arguyendo que los documentos no producidos son necesarios para el informe pericial.[18] Alegó que de no concederse lo solicitado y eliminar la prueba pericial de su causa, ocasionaría un grave perjuicio a sus derechos, por ser esta una medida en exceso drástica. Por ello, solicitó al TPI-Carolina que ordenara a la recurrida a proveer los documentos necesarios para terminar el informe pericial, que permitiera un informe enmendado y convirtiera la

---

[14] Apéndice del recurso, pág. 90.
[15] *Id*. pág. 92.
[16] *Id*. pág. 94.
[17] *Id*. pág. 106.
[18] *Id*. pág. 107.

Conferencia con Antelación al Juicio en una Vista de Estado de los Procedimientos.

Luego de una réplica a la precitada moción, el 8 de mayo de 2024, el TPI-Carolina notificó que le daba a los peticionarios hasta el 10 de mayo de 2024 para informar si el documento preparado por Carlos Quintana, con fecha del 31 de marzo de 2024, constituye su informe pericial final.[19] Ese mismo día, la Sucesión Sierra radicó una moción en la que, nuevamente, solicitó al Foro Recurrido que ordenara a Sierra Pérez y Aqua Drilling a descubrir los documentos solicitados.[20] Luego de esto, el mismo 8 de mayo de 2024, los recurridos replicaron a estos escritos.[21]

Finalmente, el 29 de mayo de 2024, el Foro Primario declaró sometido el asunto del perito de la Sucesión Sierra.[22] Determinó que los peticionarios no describieron al tribunal los documentos que le hacían falta. Inconforme, el 30 de mayo de 2024, los peticionarios radicaron una moción, en la cual subrayaron que, aunque de la orden del 8 de mayo de 2024 no surgía que debían describir los documentos que les hacían falta, sí lo habían informado en previas mociones.[23]

Aun así, el 3 de junio de 2024, la parte peticionaria presentó una *"Segunda Moción para que se Descubra lo Solicitado[,] Solicitud de Sanciones por Reiterado Incumplimiento con las Órdenes del Tribunal y el Descubrimiento de Prueba"*.[24] A esto se opuso Sierra Pérez y Aqua Drilling en esa misma fecha.[25] Más adelante, en el mismo día, el TPI-Carolina emitió una *"Orden"* en la que declaró "No Ha Lugar" la segunda solicitud de los peticionarios.[26] Además,

---

[19] Apéndice del recurso, pág. 140.
[20] *Id.* pág. 141.
[21] *Id.* pág. 153.
[22] *Id.* pág. 162.
[23] *Id.* pág. 66.
[24] *Id.* pág. 168.
[25] *Id.* pág. 188.
[26] *Id.* pág. 195.

dispuso que esta última debía producir una certificación en la que "indique de forma particularizada que realizó esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con esta parte para resolver los asuntos que plantea en su moción y que resultaron infructuosos".[27]

El 17 de junio de 2024, la Sucesión Sierra presentó una *"Moción de Reconsideración de Resolución"*.[28] Además, el 18 de junio de 2024, solicitó una extensión del término para concluir el descubrimiento de prueba.[29] A esta última el TPI-Carolina la declaró "No Ha Lugar" el mismo día.[30] Inconformes, el 1 de julio de 2024, los peticionarios solicitaron otra reconsideración, con relación a la denegación de extender el descubrimiento de prueba.[31]

Finalmente, mediante *"Resolución"* del 3 de julio de 2024, el TPI-Carolina declaró "No Ha Lugar" la segunda moción para descubrir lo solicitado y solicitud de sanciones por reiterado incumplimiento con orden del Tribunal y descubrimiento de prueba.[32] Amparó su decisión en la Regla 34.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1, la cual entiende no se honró, antes de acudir al Tribunal en busca de una orden de descubrir prueba. Sin embargo, ese mismo día, el 3 de julio de 2024, el TPI-Carolina emitió una *"Orden"* para que, independientemente de la Regla 34.1 de Procedimiento Civil, supra, las recurridas entreguen en diez (10) días a la Sucesión Sierra la documentación requerida.[33]

El 30 de agosto de 2024, ambas partes sometieron su *"Informe de Conferencia con Antelación al Juicio Preliminar"*. El 3 de septiembre de 2024, se celebró una vista.[34] En la misma, se le

---

[27] Apéndice del recurso, pág. 196.
[28] *Id.* pág. 204.
[29] *Id.* pág. 217.
[30] *Id.* pág. 219.
[31] *Id.* pág. 221.
[32] *Id.* pág. 198.
[33] *Id.* pág. 233.
[34] *Id.* pág. 275.

impuso a la Sucesión Sierra una sanción de $300.00 por la dilación causada, al no presentar el informe pericial en el término concedido. No obstante, dispuso que tendrían 45 días adicionales para presentar informe pericial. Permitió, además, que se realizara una deposición a los peritos de las partes. Pautó finalmente la celebración de la Conferencia con Antelación al Juicio para el día 22 de mayo de 2025.

Inconforme, la Sucesión Sierra presentó ante esta Curia una *"Petición de Paralización de Procedimientos en el Tribunal de Primera Instancia"*. Además, radicó una *"Petición de Expedición del Auto de Certiorari"*. Ambos fueron radicados el 26 de septiembre de 2024. En su petitorio, hace los siguientes señalamientos de error:

**PRIMER ERROR**: EL TPI INCIDIÓ EN ERROR MANIFIESTO Y ABUSO DE DISCRECIÓN AL ELIMINAR EL INFORME PERICIAL DE LA PARTE DENTRO DEL PERIODO DE DESCUBRIMIENTO DE PRUEBA, ESTO A PESAR DE UNA EXTENSIÓN DE 45 DÍAS EN RECONSIDERACIÓN, PUES EL MISMO NO SE PUEDE CULMINAR SIN REALIZAR DESPOSICIONES QUE FUERAN DENEGADAS HABIÉNDOSE DEMOSTRADO JUSTA CAUSA. ESTA DETERMINACIÓN ES BÁSICAMENTE UNA DESESTIMACIÓN DEL CASO Y DE SOSTENERSE SE DEBE CONSIDERAR COMO UN SERIO FRACASO A LA JUSTICIA.

**SEGUNDO ERROR**: EL TPI INCIDIÓ EN ERROR MANIFIESTO Y ABUSÓ DE SU DISCRECIÓN AL DENEGAR LA EXTENSIÓN DEL DESCUBRIMIENTO DE PRUEBA PARA REALIZAR LAS DEPOSICIONES Y PODER ENTREGAR UN INFORME PERICIAL COMPLETO A PESAR DE LAS MÚLTIPLES PETICIONES. AL NO PERMITIRSE LAS DEPOSICIONES LA PARTE DEMANDANTE QUEDA TOTALMENTE DESPROTEGIDA Y SIN PRUEBA PARA PRESENTAR SU CASO.

**TERCER ERROR**: EL TPI ABUSÓ DE SU DISCRECIÓN AL IMPONER UNA SANCIÓN A LA ABOGADA DE LAS PARTES DEMANDANTES, YA QUE DE NINGUNA MANERA INCUMPLIÓ CON LAS ÓRDENES DEL TRIBUNAL, NI RETRASÓ LOS PROCESOS. DEL EXPEDIENTE SURGEN CLARAMENTE LOS ESFUERZOS OPORTUNOS DE LA

PARTE DEMANDANTE PARA PODER OBTENER LA PRUEBA NECESARIA PARA PROBAR SU CASO.

Mediante *"Resolución"* del 26 de septiembre de 2024, declaramos "No Ha Lugar" la solicitud de paralización de los procedimientos en el Foro Recurrido. Luego de evaluar el recurso ante nos, y los documentos que obran en autos, procedemos a expresarnos.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el

Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *IG Builders et al. v. BBVA PR,* 185 DPR 307, 338-339 (2012); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.,* supra; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez,* supra. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)    Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)    Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)    Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con

prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Finalmente, precisa señalar que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martinez v. Torres Ghigliotty*, supra, pág. 98.

## III.

Los peticionarios nos plantean que el TPI-Carolina incidió en error y abuso de discreción al eliminar, alegadamente, el informe pericial de Carlos Quintana, no extender el periodo de descubrimiento de prueba e imponerle sanciones por retrasar los procesos.

Luego de un examen sosegado del expediente ante nos, y la norma estatutaria y jurisprudencial que regula la revisión en asunto de descubrimiento de prueba, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Foro Primario. Distinguimos que el foro *a quo* no incurrió en error de derecho ni en abuso de discreción al eliminar el informe pericial y denegar la extensión del proceso para descubrir prueba. El Foro Primario ofreció múltiples oportunidades y extensiones a ambas partes, durante el proceso.

Reconocemos que la Regla 52.1 de Procedimiento Civil, *supra*, nos permite atender asuntos de peritos, e intervenir cuando no hacerlo resultare en un fracaso a la justicia, como nos plantean aquí los peticionarios. Sin embargo, la minuta de la vista del 3 de septiembre de 2024, la cual configura como la adjudicación final del Foro Recurrido en cuanto a la reconsideración solicitada, determinó que las partes podrán deponer a ambos peritos. Además, concedió un término adicional, tanto a los recurridos como a los peticionarios, para presentar sus informes periciales. Es decir, entendemos que no se ha dado un error en derecho que, de no atenderse, resultaría en un irremediable fracaso a la justicia. Esto, ya que por tercera (3) vez, el Foro Primario le extendió el término a la Sucesión Sierra para rendir el mismo.

Por ello, entendemos que no existe razón en derecho que nos permita obviar la norma de abstención judicial, en procedimientos como el de autos, que regula nuestras funciones.

Además, en virtud de que los peticionarios no demostraron que el presente recurso se encuentra entre las instancias contempladas en la Regla 40 del Reglamento del Tribunal de Apelaciones, la cual nos permite entender sobre el mismo, nos abstenemos de intervenir en el caso de epígrafe.

**IV.**

Por los fundamentos que anteceden, *denegamos expedir el recurso de autos.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones